UNITED SPACES, INC., and B. L. Nelson, Plaintiffs-Appellants,

v.

FEDERAL HOME LOAN BANK OF LITTLE ROCK et al., Defendants-Appellees.

No. 74-4185.

United States Court of Appeals, Fifth Circuit.

July 19, 1976.

Rehearing Denied Sept. 20, 1976.

Frank P. Hernandez, Dallas, Tex., for plaintiffs-appellants.

Harry E. McDermott, Jr., Little Rock, Ark., J. Edwin Fleming, Dallas, Tex., for Federal Home Loan Bk., Etc.

Jim E. Cowles, Dallas, Tex., Loren Q. Hanson, Ft. Worth, Tex., for Hagood & Daniels, Inc., and others.

Paul E. McGraw, Deputy Gen. Counsel, Federal Home Loan Bk. Bd., Harold B. Shore, Daniel J. Goldberg, Washington, D. C., for Wm. Capshaw.

John B. Holstead, Alan Schulman, Houston, Tex., for 1st Savings of Bowie, Tex., and others.

Roland Marcotte, Jr., FHLBB. Washington, D. C., for defendants-appellees.

Before BROWN, Chief Judge, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Plaintiffs are a corporation and its president. They mortgaged real estate to a savings and loan association for a loan of $275,000. The mortgage included a provision that if the loan was criticized by any state or federal examining authority, payment in full would be due in 30 days. Subsequently the loan was criticized by the Federal Home Loan Bank Board as inadequately secured. The money became due, plaintiffs defaulted, and the lender foreclosed.

Defendants are the lender savings and loan association; its president; two individual guarantors of the loan; the Federal Home Loan Bank; its employee who investigated the loan and instituted the criticism; and the appraisers who made the appraisal which led to the criticism.

Plaintiffs sued under the Civil Rights Acts, 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, alleging a conspiracy among the defendants to deprive plaintiffs of their property in violation of their Fourteenth Amendment due process and equal protection rights. The District Court sustained defendants' motion to dismiss for lack of jurisdiction.

The complaint made no allegations of racial discrimination. It did not charge any significant state action[1] or action under color of state law.[2] It did not charge any invidiously discriminatory, class-based animus cognizable under § 1985.[3] Plaintiffs do not even challenge the District Court's holding that no claim is stated under § 1986 if none was established under § 1985.

The District Court correctly dismissed the complaint. This suit has no place in the federal courts.

AFFIRMED.

---

1. Only alleging that the savings and loan association existed under state law. There was no charge that the association was regulated by state law or that the state was involved or participated in the particular action complained of.

2. A nonjudicial foreclosure between private parties, without more, is not state action. *See James v. Pinnix*, 495 F.2d 206 (CA5, 1974).

3. *See Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870 (CA5, 1976) (pet. for rehearing en banc granted April 21, 1976).